UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SYRIS T. BIRKLEY,

        Plaintiff,

        v.                              Case No. 25-cv-1636-bbc

MATTHEW JOHNSTON,
MILWAUKEE COUNTY, and
TRINITY SERVICES GROUP,

        Defendants.

## SCREENING ORDER

Plaintiff Syris Birkley, who is currently confined at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Birkley's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Birkley has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Birkley has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2). Based on a review of the statement, the Court finds that Birkley lacks the assets and means to pay an initial partial filing fee. Accordingly, the Court will waive his obligation to pay an initial partial filing fee and will grant his motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Birkley explains that he is Jewish and, as part of his religion, he eats kosher meals. He states that he is provided a halal diet at the jail, although he also states that his meal trays are certified kosher. He states that he gets two apples, bread, butter, and "mystery meat" in a pouch for nearly all of his meals, although he sometimes receives two eggs for breakfast. The "mystery meat" is in a sealed, see-through pouch and comes in three varieties: red, brown, and white. According to Birkley, it is served cold nine out of ten times. He explains that the first time he ate it, he threw it back up and has not eaten it since. Confusingly, although he refers to the pouches as mystery *meat*, he also claims that the kosher trays are vegetarian/vegan. Birkley also states that, contrary to the kosher certification and Defendant Matthew Johnston's assurances that the meals are indeed kosher, the meals are *not* kosher. Birkley does not explain the basis of his speculation, apart from pointing out that the containers on the tray do not contain tamper-proof seals. Birkley highlights that his religion allows him to eat a variety of meats, which the jail does not serve, and he is tired of eating the same meal three times a day.

Birkley also asserts that the jail promotes only one Jewish holiday per year—Passover, during which Jewish inmates receive kosher meat, challah bread, and grape juice. He states that there are fifteen Jewish holidays, but Passover is the only one that is announced. He states that the Muslim holiday of Ramadan is announced as are unidentified Christians/Catholics holidays. He also states that Muslims and Christians have teachers from the community who come to the jail to help inmates with their studies, but no rabbi enters the jail to assist inmates with studying the Torah.

Birkley demands that the jail provide Jewish inmates with pre-sealed, pre-packaged kosher meat with challah, laffa, babka, and grape juice for every meal. He also wants a rabbi to teach the Torah.

**ANALYSIS**

Birkely first alleges that the diet he is provided at the jail violates his right to freely exercise his religion. "The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). "A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thompson v. Holm*, 809 F.3d 376, 379-80 (7th Cir. 2016). "[F]orcing an inmate to choose between daily nutrition and religious practice is a substantial burden." *Thompson v. Holm*, 809 F.3d 376, 380 (7th Cir. 2016). Although, "[i]n the prison context, a regulation that impinges on an inmate's constitutional rights, such as one imposing a 'substantial burden' on free exercise, may be justified if it is 'reasonably related to legitimate penological interests.'" *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (quoting *O'Lone v. Shabazz*, 482 U.S. 342, 349 (1987)).

Birkley fails to state a claim upon which relief can be granted because he does not allege facts from which the Court can reasonably infer that the kosher-certified meals that the jail provides burden his religious beliefs or practices. Birkley offers no factual allegations to support his bald accusation that the food he is provided is not kosher. Indeed, he explains that the trays contain a kosher label and that Johnston has assured him that the meals are kosher. Birkley highlights that the food is not presented in tamper-proof packaging, but it is unclear how the packaging is relevant given that whether food is kosher relates to how and where the food is prepared. In any event, the mere fact that food *could* be tampered with does not mean that it *has* been tampered with, and the mere risk of tampering is not actionable. *See Babcock v. White*, 102

4

F.3d 267, 272 (7th Cir. 1996). In short, without more, Birkley's speculation that the food he is served is not kosher is not enough to state a claim. *Twombly*, 550 U.S. at 555 ("[T]he complaint's allegations must be enough to raise a right to relief above the speculative level.").

Also, it appears that Birkley's primary complaint is that the food he is provided with lacks diversity and does not taste very good. He explains that he is tired of eating the same thing every day and that he refuses to eat the pouches of "mystery meat" that the jail provides. He further alleges that his religion *allows* him to eat a variety of meats and breads and that he believes the jail should provide him meals consistent with those allowances. But the First Amendment does not require the jail to provide Birkley with his preferred foods. It requires only that the jail provide him with food that does not burden his religious beliefs and practices. According to Birkley, the jail provides Jewish inmates with fresh fruit, bread, butter, and a kosher-certified pouch of meat (or perhaps plant-based protein) and occasionally eggs. Birkley may prefer different kosher foods (such as challah, lamb, or grape juice), but nothing suggests that the food he is provided imposes a substantial burden on a central religious belief. And the alleged harm that Birkley has suffered from lack of nutrition—headaches, weight loss, fatigue, etc.—appears to result *not* from the food the jail serves, but from Birkley's refusal to eat the food that the jail serves.

Finally, Birkley also fails to state a claim based on his allegations that the jail does not acknowledge all fourteen Jewish holidays and that no rabbi enters the jail to assist Jewish inmates with studying the Torah. Birkley identifies only one Muslim holiday—Ramadan—that the jail announces, and he identifies no Christian holidays that the jail announces. He also concedes that the jail announces Passover. The Court observes that the commonality between Ramadan and Passover is that both holidays entitle the observers of those holidays to a meal accommodation. Accordingly, the announcement is likely about arranging the meal accommodation rather than a

5

celebration of those holidays. In any event, Birkley's vague and underdeveloped allegations about who makes the announcements and the content of the announcements are insufficient to state a claim. *Iqbal*, 556 U.S. at 678 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Similarly, the mere fact that Muslim and Christian volunteers from the community enter the jail to help inmates with their religious studies does not mean that Birkley's opportunity to practice his religion is being burdened or that those religions are being treated more favorably. Birkley does not allege that the jail has prevented rabbis from voluntarily entering the jail to meet with Jewish inmates. Obviously, jail officials have no control over which religious leaders volunteer. And, in any event, "[p]risons need not provide every religious sect or group within a prison with identical facilities or personnel and need not employ chaplains representing every faith among the inmate population. . . . The free exercise clause guarantees a liberty interest, a substantive right; it does not guarantee that all religious sects will be treated alike in all respects." *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (cleaned up). Birkley therefore fails to state a claim upon which relief can be granted.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Birkley believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **January 15, 2026**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will

screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Birkley's failure to state a claim in his original complaint. If Birkley does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that Birkley's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **January 15, 2026**, Birkley may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Birkley a blank prisoner amended complaint form along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Birkley shall collect from his institution trust account the $350 filing fee by collecting monthly payments from Birkley's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Birkley is transferred to another institution, the transferring institution shall forward a copy of this Order along with Birkley's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Birkley is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Birkley is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on December 18, 2025.

> s/ *Byron B. Conway*
> BYRON B. CONWAY
> United States District Judge