SYRIS T. BIRKLEY,

        Plaintiff,

      v.                                Case No. 25-cv-1636-bbc

MATTHEW JOHNSTON,
MILWAUKEE COUNTY,
TRINITY SERVICES GROUP, and
DENITA BALL,

        Defendants.

## SCREENING ORDER

    Plaintiff Syris Birkley, who is currently confined at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On December 18, 2026, the Court screened the complaint and after concluding it failed to state a claim upon which relief could be granted, gave Birkley the opportunity to file an amended complaint, which he did on January 16, 2026. The Court will screen the amended complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

    The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of

Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

Birkley explains that he is a Jewish man who has been a member of the Moorish Zionist Temple since he was a child. He is suing Trinity Services Group, which is the contracted food provider for the Milwaukee County Jail, Milwaukee County Sheriff Denita Ball, Milwaukee County, and Correctional Officer Matthew Johnston, who is the law librarian and the "religious food custodian/keeper" at the jail. Birkley asserts that his religious beliefs require him to eat meals with kosher meat, which, among other requirements, must be prepared according to Jewish laws by a trained ritual slaughterer. He also explains that his beliefs prohibit the mixing of meat with milk and milk derivatives such as sodium caseinate and lactose. Birkley also explains that he is allergic to milk and tomatoes.

According to Birkley, he is served food pouches that he has been told are kosher. He states that these pouches are made of clear plastic, include no ingredient list, and do not have a "certified kosher" seal. He states that he cannot eat the food in the pouches because they appear to contain meat mixed with milk products and/or tomatoes. He further alleges that a religious volunteer who meets with him weekly also believes the food pouches are not kosher. Birkley asserts that if he refuses the pouch, he is served a vegan diet, which is insufficient to satisfy the requirement that he eat meat with his meals. Birkley explains that during Passover he receives a meal that is certified

kosher, has meat and dairy separated, and includes a list of ingredients in both Hebrew and English, so he knows the jail is capable of providing a proper kosher diet.

Birkley alleges that he has repeatedly asked Johnston about the ingredients of the food pouches and about how the food within the pouches is prepared, but Johnston states that he does not know what the pouches contain or how they are prepared. Johnston has refused to provide Birkley with the information he seeks. Despite not knowing what the pouches contain or how they are prepared, Johnston has informed Birkley this is what is provided as a kosher meal. Birkley also alleges that, while he is sometimes served eggs, they frequently contain blood spots, which renders the eggs non-kosher.

## ANALYSIS

Birkely asserts that the diet he is provided at the jail violates his right to freely exercise his religion. "The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). "A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thompson v. Holm*, 809 F.3d 376, 379-80 (7th Cir. 2016). "[F]orcing an inmate to choose between daily nutrition and religious practice is a substantial burden." *Thompson v. Holm*, 809 F.3d 376, 380 (7th Cir. 2016). Although "[i]n the prison context, a regulation that impinges on an inmate's constitutional rights, such as one imposing a 'substantial burden' on free exercise, may be justified if it is 'reasonably related to legitimate penological interests.'" *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (quoting *O'Lone v. Shabazz*, 482 U.S. 342, 349 (1987)).

Moreover, the Religious Land Use and Institutionalized Persons Act (RLUIPA) prohibits the government from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution," unless "that imposition of the burden on that person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of

3

furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a). RLUIPA protects "any exercise of religion, whether or not compelled by, or central to, a system of religious belief," § 2000cc–5(7)(A), but "a prisoner's request for an accommodation must be sincerely based on a religious belief and not some other motivation." *Holt v. Hobbs*, 574 U.S. 352 (2015) (citing *Burwell v. Hobby Lobby*, 573 U.S. 682, 717, n.28 (2014)). RLUIPA offers broader protections than the First Amendment. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012).

With the foregoing legal principles in mind, the Court will allow Birkley to proceed on First Amendment and RLUIPA claims against Johnston, who Birkley has spoken to repeatedly about the inadequacy of the meals he is served and who, despite his role as the religious food coordinator, has informed Birkley this is his option for a kosher meal without addressing any of Birkley's concerns about the contents and preparation of the food pouches. Birkley also states a claim against Milwaukee County, which allegedly has a policy or practice of providing Jewish inmates with food that does not satisfy the requirements of their religious beliefs.

Birkley does not, however, state a claim against Sheriff Denita Ball. Birkley does not allege that he has had any communications with her about his diet, so he does not state an individual-capacity claim against her and, given that he states a claim against Milwaukee County, there is no reason to allow him to proceed on an official-capacity claim against her. *See Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991) (explaining that official capacity suits represent only another way of pleading an action against an entity of which an officer is an agent). Nor does Birkley state a claim against Trinity Services Group, which is merely providing the food that Milwaukee County orders. Birkley is in the custody of Milwaukee County, not Trinity Services Group, so it is Milwaukee County's responsibility to provide Birkley with food that does not

substantially burden his religious beliefs. Trinity Services Group is not liable for Milwaukee County's alleged failure to do so.

**IT IS THEREFORE ORDERED** that Birkley fails to state a claim against Sheriff Denita Ball and Trinity Services Group, so the clerk's office is directed to remove them from this action.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this Court, copies of Birkley's amended complaint and this order are being electronically sent today to Milwaukee County for service on Michael Johnston and Milwaukee County.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, Michael Johnston and Milwaukee County shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Green Bay, Wisconsin this 26th day of January, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge