UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SYRIS T. BIRKLEY,

Plaintiff,

v. Case No. 25-CV-1636

MILWAUKEE COUNTY,

Defendant.

---

**ORDER**

---

Plaintiff Syris T. Birkley is currently housed at the Milwaukee County Jail and representing himself in this 42 U.S.C. § 1983 case. This matter comes before the Court on Plaintiff's motion to compel Defendant Milwaukee County to produce discovery. The Court will deny Plaintiff's motion because Plaintiff failed to comply with the Federal Rules of Civil Procedure and the Civil Local Rules for this district.

Although Federal Rule of Civil Procedure 37 permits the Court to compel discovery, the party seeking such discovery must complete certain steps before court intervention is appropriate. If a party serves discovery on an opposing party and the opposing party fails to timely or sufficiently respond, the requesting party must then consult with the opposing party and attempt to resolve the dispute. Civil L.R. 37 (E.D. Wis.). If the requesting party is still unable to obtain discovery, he may file a motion to compel discovery with the Court. The movant must include in his motion to compel a written certification that states that he conferred or attempted to confer in good faith with the opposing party in an effort to obtain the discovery without court action but that the parties were unable to resolve their differences. *See* Civil L.R. 37. The certification must

include the date the movant conferred or attempted to confer with the opposing party as well as the names of the individuals the movant contacted in an attempt to reach resolution.

Plaintiff's motion states, "I have in good faith conferred or attempted to confer with the persons or part[ies] failing to make disclosure or discovery in an effort to obtain it without court action." Dkt. No. 48-1. Although Plaintiff's motion contains the required certification, it does not appear that Plaintiff actually conferred or attempted to confer with Defendant's counsel in good faith. It is not clear whether Plaintiff conferred with Defendant's counsel or only attempted to do so. In addition, the certification does not indicate who Plaintiff conferred or attempted to confer with or the date it occurred. The Court concludes that Plaintiff has asked the Court to get involved before attempting to informally resolve his dispute with Defendant's counsel. Accordingly, the Court will deny the motion to compel to allow Plaintiff and Defendant's counsel the opportunity to resolve this issue without the Court's involvement.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 48) is **DENIED without prejudice**.

Dated at Green Bay, Wisconsin on October 7, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge